(84 South. 895)

No. 23929.

### MARTIN v. MARTIN.

### In re MARTIN.

(April 5, 1920.  Rehearing Denied May 31, 1920.)

*(Syllabus by Editorial Staff.)*

1. Divorce ⬤269(11)—Separation from bed and board; husband held properly sentenced for contempt in failing to pay alimony.

A husband who failed to pay alimony awarded in his wife's separation suit, and who was proceeded against for contempt, was properly sentenced despite his testimony that he was out of employment and in bad health, unable, for the time being, to procure employment, testimony contradicted by his healthy appearance, particularly where, under the sentence, he could relieve himself by producing a physician's certificate.

2. Divorce ⬤269(13)—Separation from bed and board; suspension of sentence for contempt in failure to pay alimony within discretion of court.

Suspension of sentence against defendant husband for failure to pay alimony in his wife's separation suit, in order to give him opportunity to pay arrears and purge himself of his contempt, was within the discretion of the trial court, and did not import recognition of the husband's inability, for the time being, to pay the alimony, thus destroying the basis on which sentence rested.

Suit by Mrs. Magdalena Bokenfohr Martin against Houston W. Martin, wherein plaintiff wife sought punishment of defendant husband for contempt by failure to pay alimony. The rule for contempt was made absolute, and defendant husband applies for writ of certiorari and prohibition. Application for prohibition denied.

Woodville & Woodville, of New Orleans, for applicant.

PROVOSTY, J.  Pending a suit by his wife for separation from bed and board, defendant was ordered to pay her $10 alimony a week. After he had made the payments for a few weeks, he came into court representing that he had lost his position, and was for the time being without employment; and he asked that he be dispensed from paying the alimony until he should have secured employment. The wife made a counter application, showing that he had not paid the alimony for five weeks and asking that he be punished for contempt. He testified to his being out of employment, and unable to pay the alimony, and to his having tuberculosis, and unable to work regularly, and to his having been advised by his physician to take a rest. His employment for ten years past has been that of traveling salesman. To all this there was no opposing testimony. But he appeared to the trial judge to be a well man; he furnished no physician's certificate; and he accounted only very vaguely for $250 which he had recently realized from the sale of furniture; and he had been living, and would for a few weeks more be living, board free in consideration of the sublease of the house in which he and his wife had lived. The wife is bed-ridden with tuberculosis at her father's house with two children; and the father has his own wife and children to support. The trial judge made the rule for contempt absolute, and sentenced defendant to pay a fine of $50 and to serve ten days in the parish prison, but suspended the execution of the sentence for five days to afford defendant an opportunity to pay the arrears of the alimony and purge himself of the contempt, and furthermore informed him that the judgment would be set aside on production by him of a physician's certificate showing his being affected with tuberculosis and unable to work.

Defendant has applied to this court to annul said sentence. One of his contentions is that his testimony of his being out of employment and in bad health, and unable for the time being to procure employment, was binding on the trial judge, as it was uncontradicted.

[1] The bad health of defendant was contradicted by his healthy appearance; and the door was left open for him to be relieved on account of it by the offer of the judge to set aside the sentence on the production of a physician's certificate. Barring ill health, the defendant ought to be able in these times when employment is so plentiful to support his sick wife.

Defendant's other contention is that the suspension of the sentence for five days imported a recognition on the part of the trial judge of defendant's inability for the time being to pay the alimony, and therefore is destructive of the basis upon which the sentence must rest.

[2] This suspension of sentence was a matter entirely within the discretion of the trial judge; it imports an indulgent disposition on the part of the learned trial judge, but is recognitive or contradictory of nothing.

The application for prohibition is therefore denied at the cost of the applicant.